UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEGGY CERALDI                                JURY TRIAL DEMANDED

v.                                           CASE NO.  3:17CV

LINDA STRUMPF
U.S. EQUITIES CORP.                          COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 for defendants' actions that occurred within one year prior to the filing of this action and under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110g as to defendant U.S. Equities ("Equities").

2.  The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, §1367.

3.  Plaintiff is a natural person who resides in Connecticut.

4.  Defendants operate from the same address in New Canaan CT.

5.  Equities' principal business is buying defaulted consumer debt and collecting thereon.

6.  Defendant Strumpf regularly collects debts by appearing in court or writing letters as the attorney for Equities.

7.  Equities acted through its attorney Linda Strumpf as to the actions plaintiff alleges herein.

8.  On May 31, 2011, Equities obtained a state court default judgment against plaintiff based on her defaulted personal Chase credit card.

9.  Plaintiff used the credit card for normal personal, family or household expenses.

10. Equities' records show that plaintiff used the credit card for personal, family, or

household expenses.

11. Plaintiff has standing, in that defendants directed its collection activities to her, and she was harmed by its violation of her interest in being protected from the oppressive, unfair or deceptive collection practices alleged herein, that violate the express protections enacted by Congress in the FDCPA.

12. Plaintiff now realizes that the  small claims judgment was inflated, in that:

    a.  The 24% prejudgment interest rate requested in the state court complaint was usurious; Madden v. Midland Funding, LLC, 786 F.3d 246, 254 (2d Cir. 2015), cert. denied, 136 S. Ct. 2505 (2016) (debt buyer limited to state usury rate);

    b.  Chase did not send plaintiff any periodic statements after April 30, 2008;

    c.  Chase could not legally charge interest once it stopped sending periodic statements;

    d.  Chase had waived interest by not adding interest after charge-off;

    e.  Chase's interest rate was variable, not fixed as represented to the state court;

    f.  Strumpf applied for attorney's fees without specifying the hourly rate or time expended;

    g.  Defendants relied on a generic contract as the basis for the attorney's fee request, but that contract specified that only attorneys directly representing Chase were entitled to fees; the rights of assignees were specifically limited to the arbitration clause.[1]

---

1 The language of the contract is clear: Fees may be awarded only if Chase is the plaintiff.

> Throughout this agreement, the words "we", "us" and "our" mean Chase Bank USA, N.A. the issuer of your credit card and account. (page 1, ¶ 3)
> . . .
> To the extent permitted by law, if you are in default because you have failed to pay **us**,

13. The amount of the judgment was $33,921.25.

14. Plaintiff paid $35 per week as the court ordered.

15. In December, 2016, defendants notified plaintiff that her balance was $42,894.36.

16. Plaintiff had paid over $10,000 on the judgment.

17. The balance exceeded that allowed by law. 15 U.S.C. §1692e(2)(a); §1692f(1).

18.   Defendants applied for post-judgment interest pursuant to Conn. Gen. Stat. §§37-3a and §52-356d(e), but the court awarded it without quantifying any rate.

19. Defendants are aware that without an order specifying the interest rate, they may not assess judgment interest in any amount. See attached.

20. Defendants unilaterally added almost 10% postjudgment interest to the amount of the judgment.

21. A collector may not add postjudgment interest if it has not been awarded by a court.

---

you will pay **our** collection costs, attorneys' fees, court costs, expenses of enforcing **our** rights under this agreement.  (page 3, left column) (emphasis added)

The arbitration agreement expands the definition of "we, us, and our" to an assignee or debt buyer *only* for the purpose of the arbitration provision.

For the purposes of this Arbitration Agreement, the words "we", "us" and "our" also includes our parents, subsidiaries, affiliates, licensees, predecessors, **assigns, any purchaser of your Account** and all of their directors, officers, agents and assigns or any and all of them. Additionally…. (page 4, right column) (emphasis added).

The contract, which must be construed most strongly against its drafter, specifies that only the arbitration clause applies to an assignee or debt buyer. As intentionally drafted by Chase, the attorney's fees provision does not apply to an assignee. This gives effect to all parts of the contract, as well as to the principle that *expressio unius est exclusion alterius.*

3

Pacheco v. Joseph McMahon Corp., No. 3:10CV464 AWT, 2012 WL 774943, at *2 (D. Conn. Mar. 7, 2012; Egletes v. Law Offices Howard Lee Schiff, P.C., 2010 WL 3025236 (D. Conn. July 30, 2010.

22. To add almost 10% interest to an already seriously, or illegally, inflated judgment is conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

23. To add almost 10% interest to a judgment without court order is the collection of an amount not authorized by agreement or permitted by law. 15 U.S.C. §1692f(1).

24. To state that an amount certain is owing, which includes interest not awarded by a court, violates 15 U.S.C. §1692e.

25. Plaintiff attempted to bring the absence of any specified post-judgment interest rate to the attention of defendants and the state court by filing a Motion for Protective Order as allowed by law.

26. Defendants opposed the motion despite knowing that no postjudgment interest rate award was in existence.

27. The motion was denied for failure to pay the filing fee to open the judgment.

28. Plaintiff paid the $130 filing fee and re-submitted her Motion for Protective Order.

29. Defendants opposed the motion despite knowing that no postjudgment interest rate award was in existence.

30. The court denied the motion without ruling on any postjudgment interest rate.

31. To this date, defendants are adding almost 10% postjudgment interest to plaintiff's balance.

4

32. In addition to such ascertainable loss as paying the filing fee, plaintiff suffered the loss of use of her money as well as garden variety emotional distress. <u>Vera v. Alstom Power</u>, 189 F. Supp. 3d 360, 379 (D. Conn. 2016); <u>Barham v. Wal-Mart Stores, Inc.</u>, No. 3:12-CV-01361 (VAB), 2017 WL 3736702, at *1 (D. Conn. Aug. 30, 2017).

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff  such damages as are permitted by law, including actual and $1,000 statutory damages  under the FDCPA against each defendant, and punitive damages against Equities under CUTPA;

2. Award attorney's fees and costs.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

STATE OF CONNECTICUT

DN: FBT-CV-11-6019222-S

**PLEASE REFER TO**
**JUDGE RICHARD P. GILARDI**

|  |  |  |
|---|---|---|
| U.S. Equities Corp. | : | SUPERIOR COURT |
| | Plaintiff | |
| | | : J.D. OF Fairfield |
| v. | | |
| | | : at Bridgeport |
| Mary V. Diblasi | | |
| | Defendant : | April 24, 2013 |

MOTION FOR CLARIFICATION
OF THE PRE-JUDGMENT INTEREST RATE
AT 10% PER ANNUM

The Plaintiff in the above-captioned matter moves this Court to set the pre-judgment interest pursuant to C.G.S.A. § 37–3a at the statutory rate of 10% per annum.

This Court already granted prejudgment interest pursuant to C.G.S.A. § 37–3a, in its March 4, 2013 order (138.10), however it did not specify the rate. Plaintiff respectfully requests an Order specifying the pre-judgment interest rate at the statutory rate of 10% per annum.

In that decision, the Court ruled that post judgment interest will be considered upon submission of an order for payments. Thus, on 3/27/2013, plaintiff moved for an order for an award of nominal payments, post-judgment interest and a request to set the pre-judgment interest rate at 10% per annum (140.00). Defendant submitted a Memorandum in Opposition (141.00), and plaintiff filed a Reply (142.00). By Order dated 04/05/2013, the Hon. William Rush granted plaintiff's motion for nominal payments and denied post-judgment interest.

1

However, the issue of the pre-judgment interest rate was not ruled upon, although plaintiff requested clarification as to the rate and defendant briefed the issue in her Opposition.

Thus, we now move the Court for clarification as to the rate of pre-judgment interest. As set forth above, this Court already granted prejudgment interest by its order dated 3/4/2013 (138.10): "plaintiff is to recover prejudgment interest pursuant to CGS Sec. 37-3a from May 31st 2009."

Sosin v. Sosin 300 Conn. 205, 227, 14 A.3d 307, 321 (2011) found that the allowance of interest pursuant to C.G.S.A. § 37-3a "is primarily an equitable determination and a matter lying within the discretion of the trial court." The Supreme Court has seldom found an abuse of such discretion. Here, the defendant failed to testify, offered no reasons for the failure to pay, has never presented a valid defense to this action, and this Court already awarded prejudgment interest.

Defendant alleges that plaintiff has not produced any evidence that the detention of money was "wrongful." However, in Sosin v. Sosin, Id. 300 Conn. @ 230, 14 A.3d @ 323, the Supreme Court found that the "primary purpose of § 37–3a" "is not to punish persons who have detained money owed to others in bad faith but, rather, to compensate parties that have been deprived of the use of their money."

In a footnote, Sosin also held:

> ...we are not persuaded by the plaintiff's claim that, because General Statutes § 37–3a authorizes an award of interest '*as damages* for the detention of money after it becomes payable'; ... the statute evinces a legislative intent that interest may be awarded only when the liable party's conduct has been blameworthy or unreasonable. An award of compensatory damages does not require proof of bad faith or

2

unreasonable conduct above and beyond proof of the underlying legal claim." (Id. @230-231, 323).

In Sosin, the Supreme Court found that even if the party against whom the interest was awarded withheld the money "on the basis of a good faith belief that he was entitled to that sum," the trial court could still award interest pursuant to § 37-3a. (Id. @230, 323).

Although the Court awarded "prejudgment interest pursuant to CGS Sec. 37-3a" in its March 4, 2013 order (138.10), it did not specify the rate. Plaintiff respectfully requests an Order specifying the pre-judgment interest rate at the statutory rate of 10% per annum.

WHEREFORE, it is respectfully requested that the relief requested herein be granted, together with such other and further relief as this Court may deem just and proper.

THE PLAINTIFF

By: /s/402192
Linda Strumpf, Esq.
244 Colonial Road
New Canaan, Ct. 06840
203-966-8555
Juris #402192

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Motion for Clarification of the Pre-Judgment Interest Rate at 10% Per Annum was mailed on April 24, 2013 to Law Offices of Joanne S. Faulkner, at 123 Avon Street, New Haven, CT 06511 via U.S. Mail, postage prepaid.

/s/402192
Linda Strumpf, Esq.

Our File No. 75235

3