UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  | : | 3:17-cv-01628-WWE |
| --- | --- | --- | --- |
| PEGGY CERALDI |  | : |  |
|  | Plaintiff | : |  |
|  |  | : |  |
| v. |  | : |  |
|  |  | : |  |
| LINDA STRUMPF |  | : |  |
| U.S EQUITIES CORP |  | : |  |
|  | Defendants | : | November 29, 2017 |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants respectfully move the Court, pursuant to Rules 26(c) and 26(f) of the Federal Rules of Civil Procedure and Local Rules 7 and 26(f), for relief from the Parties' requirements under Federal Rule of Civil Procedure 26(f) and for a stay of discovery until thirty days after this Court rules on Defendants' Joint Motion to Dismiss the Complaint (the "Dismissal Motion"). (ECF No. 8).

This Court has discretion "to stay the Rule 26(f) requirements and discovery" pending resolution of a pending or anticipated motion to dismiss. *Turner v. Zickefoose*, No. 3:08-CV-01180, 2009 WL 2983190, at *3 (D. Conn. Sept. 14, 2009). Such a stay may be granted for "good cause" under Rule 26(c) and "[g]ood cause may be shown where a party has filed a dispositive motion." *Morien v. Munich Resinsurance America, Inc.*, 270 F.R.D. 65, 66 (D. Conn. 2010) (citing *Cuatero v. United States*, No. 3:05-CV-1161, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006)).

A court considering a motion to stay discovery pending resolution of a motion to dismiss should consider three factors: (1) "the strength of the dispositive motion that is the basis of the discovery stay application;" (2) "the prejudice that would be suffered by the" non-moving party;

1

and (3) "the breadth of the discovery sought" and the resulting "burden of responding to it." *ITT Corp. v. Travelers Cas. and Sur. Co.*, No. 3:12-CV-38, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (quotation marks omitted).  Those factors weigh in favor of granting Defendants' request to stay discovery in this matter.

      A.    **Defendants' Motion to Dismiss Based on Lack of Subject-Matter Jurisdiction is Strong and, Jurisdictional Defects Notwithstanding, Plaintiff Has Also Failed to State a Claim.**

As to the first factor, "A discovery stay may be appropriate pending resolution of a potentially dispositive motion where the motion articulates substantial grounds for dismissal." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-CV-00509, 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).  In particular, "[a] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *United Rentals, Inc. v. Chamberlain*, No. 3:12-CV-1466, 2013 WL 6230094, at *3 (citing *ITT Corp.*, No. 3:12CV38, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (quotation marks and additional citation omitted)).  Defendants' Dismissal Motion satisfies this predicate.

Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  In addition to arguing that Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") are barred by the applicable statute of limitations, Defendants' Dismissal Motion asserts that Plaintiff's claims have already been adjudicated in state court. (ECF No. 8.)

In particular, Defendants' Dismissal Motion asserts that Plaintiff's claims in this action involve the same issues that the state court resolved in the prior lawsuit involving Plaintiff and Defendants. (ECF No. 8, Attachment #1.)  The state court awarded judgment against Plaintiff,

and after Plaintiff's multiple attempts to set aside the judgment, for the same reason Plaintiff brings this lawsuit (*i.e.*, challenging the validity of the judgment amount and interest thereon), the state court declined to approve Plaintiff's request to set the judgment aside. (*Id.*)

This Court therefore lacks subject-matter jurisdiction over Plaintiff's claims pursuant to *Rooker-Feldman*, res judicata, and collateral estoppel. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *Omotosho v. Freeman Inv. & Loan*, 136 F.Supp.3d 235 (D. Conn. 2016); *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Additionally, Defendants' Dismissal Motion demonstrates that Plaintiff has failed to state a claim under the FDCPA or Connecticut law.

Defendants' Dismissal Motion offers substantial grounds to remove the Court's jurisdiction to hear Plaintiff's case. Should the Court find that it possesses jurisdiction to adjudicate Plaintiff's claims, they will still fail as a matter of law. Defendants' Dismissal Motion is well-grounded in existing law and meets the first factor for staying discovery.

### B. Staying Discovery Pending This Court's Resolution of Defendants' Motion Will Not Prejudice Plaintiff.

As to the second factor, Defendants' Dismissal Motion has been filed with the Court, and it is anticipated that Plaintiff will respond promptly. There is no indication that any limited delay resulting from staying discovery pending this Court's resolution of the pending Dismissal Motion will prejudice Plaintiff. To the contrary, any "prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss." *Cuatero*, No. 3:05-CV-1161, 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006).

As noted above, Defendants' Dismissal Motion presents a straight-forward jurisdictional question as to whether Plaintiff's claims are barred by *Rooker-Feldman*, res judicata, or collateral estoppel. If the Court answers that question in the negative, it must then determine

whether Plaintiff stated a claim under the FDCPA or Connecticut law.  These questions are simple and straightforward, and will likely be resolved within a reasonable time so as not to prejudice Plaintiff's discovery efforts.  Indeed, a stay will ensure that neither party goes through any wasted and unnecessary fact discovery.

Moreover, even if Plaintiff could somehow claim prejudice, the Dismissal Motion is "not . . . insubstantial" and "at this early stage of the proceedings, . . . the need for the court to give careful scrutiny to the issues raised by [the] motion[] to dismiss prior to authorizing full discovery, should prevail" over any prejudice Plaintiff may credibly assert.  *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A F, 2015 WL 686819, at *3 (W.D.N.Y. Feb. 18, 2015).  There are also no unique circumstances to suggest that potential discovery could be lost or otherwise unavailable after the Court's ruling on the Defendants' Dismissal Motion.  *See Waterbury Hosp. v. U.S. Foodservice Inc.*, No. 3:06-CV-1657, 2007 WL 328899, at *2 (denying request to stay discovery because a stay combined with defendant's pending sale would "increase the risk that relevant documents would be lost or destroyed.")

Defendants ask the Court, in the event that it determines that it has subject-matter jurisdiction to nonetheless dismiss the FDCPA claim for failure to state a claim, to then likewise dismiss the CUTPA claim, or alternatively, refuse to exercise supplemental jurisdiction. Again, staying discovery until the Court sorts out its jurisdiction and appropriate forum for the state-law claims (if there is one) will save Plaintiff the burden and expense of conducting needless and potentially duplicative discovery in this case.  Thus, Defendants meet the second factor for staying discovery.

### C. This Court Should Address the Dispositive Motion Before the Parties Bear the Burden of Discovery.

Lastly, Defendants' Dismissal Motion raises substantial questions as to the Court's subject-matter jurisdiction and whether Plaintiff has adequately stated a claim in this action, which should be addressed prior to engaging in discovery. "Permitting discovery to proceed at this point would be unduly burdensome to the defendant[s] and would be inefficient for [all] parties, since the Court's decision on the Motion to Dismiss may significantly narrow the issues," or obviate the need for discovery at all. *Cuatero*, No. 3:05-CV-1161, 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006). In this instance, Defendants seek full dismissal of Plaintiff's claims and a ruling in their favor would obviate the need for discovery. As a result, Defendants have met the third factor to stay discovery.

### CONCLUSION

Defendants respectfully move for a stay of the Parties' requirements under Federal Rule of Civil Procedure 26(f) and Local Rule 26(f) and of discovery until thirty days after the Court rules on the pending Joint Motion to Dismiss the Complaint.

> Respectfully Submitted,
>
> DEFENDANTS
> LINDA STRUMPF,
> U.S. EQUITIES CORP.
>
> BY: */s/ John K. Rossman*
> John K. Rossman, ct27261
> 150 South Fifth Street
> Suite 1200
> Minneapolis, MN 55402-4129
> Telephone: (612) 877-5396
> Facsimile: (612) 877-5060
> E-mail: John.Rossman@lawmoss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of this Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

For the Plaintiff:
Law Offices of Joanne Faulkner
123 Avon Street
New Haven, CT 06511-2422

*/s/ John K. Rossman*