UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEGGY CERALDI,
    Plaintiff,
V                                                       3:17-cv-1628 (WWE)

LINDA STRUMPF,
U.S. EQUITIES CORP.,
    Defendants.

### **RULING ON DEFENDANT'S MOTION TO DISMISS**

In this action, plaintiff Peggy Ceraldi asserts claims of violation of the Fair Debt Collection Practices Act ("FDCPA") against defendants Linda Strumpf and U.S. Equities Corp. ("Equities"), and the Connecticut Unfair Trade Practices Act ("CUTPA") against Equities. Defendants have filed a motion to dismiss on the basis of the statute of limitations, the doctrine of <u>Rooker-Feldman</u>, collateral estoppel, res judicata and failure to state a claim. For the following reasons, the Court will deny the motion to dismiss.

### **Background**

Defendant U.S. Equities is a business that buys and collects defaulted consumer debt. Defendant Strumpf is an attorney who works for defendant Equities to collect the debts.

On January 26, 2011, defendant Equities filed a complaint in state court regarding plaintiff's default on a credit card account. The complaint requested prejudgment interest at a rate of 24% and post-judgment interest at a rate of 10%.

On May 31, 2011, defendant Equities obtained a default judgment in the amount of $33,921.25 against plaintiff from the state court. The state court order stated: "Judgment enters for the plaintiff against the defendant, in the amount of $30,895, plus

1

$2,683.05 in attorneys fees, $343.20 in costs, plus post judgment interest pursuant to General Statutes Sec. 37-3a and General Statutes Sec. 52-356d(e). Defendant shall make weekly payments of $35.00 commencing three (3) weeks after the date notice was sent." Defendants applied a rate of 10% post-judgment interest to the amount awarded as owing to Equities.

In December 2016, defendants notified her that her balance was $42,894.36. By that time, she had paid more than $10,000 on the judgment.

On June 27, 2017, plaintiff filed a motion for protective order in state court. This motion was denied for failure to pay the filing fee to open the judgment.

On September 1, 2017, plaintiff filed a motion in state court to open the judgment. On September 18, 2017, the state court denied plaintiff's motion to open the judgment.

Plaintiff filed the instant action in federal court on September 28, 2017. On October 6, 2017, plaintiff filed an appeal of the state court's order dated September 18, 2017.

In this action, plaintiff has alleged that application of post-judgment interest rate of 10% was improper without an order from the state court quantifying the rate. She asserts damages including the loss of filing fees, the loss of use of her money and emotional distress.

## Discussion

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al.,

Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The function of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009).

The complaint may be deemed to include any written instrument attached to the complaint as an exhibit or statements or documents incorporated by reference. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006). For purpose of determining whether the Rooker-Feldman doctrine bars this action, the court may take judicial notice of proceedings before the state court. See Swiatkowski v. Citibank, 446 Fed. Appx. 360, 361 (2d Cir. 2011). The Court may also rely on matters of public record in deciding a motion to dismiss for failure to state a claim. Pani v. Empire Blue

3

Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998).

 Statute of Limitations:   FDCPA

 Plaintiff asserts that defendants violated the FDCPA by engaging in unfair or unconscionable litigation conduct when it demanded by letter dated December 2016 an amount that included post-judgment interest that had not been specified by the court, and when it blocked plaintiff's efforts to have the state court quantify the interest.

 FDCPA Section 1692e prohibits false, deceptive or misleading representations; and FDCPA Section 1692f prohibits collecting or attempting to collect a debt through unfair or unconscionable means. Thus, the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken, 15 U.S.C. § 16925e(5), and from engaging in unfair or unconscionable litigation conduct. 15 U.S.C. § 16925f; Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 138 (2d Cir. 2017).

 The FDCPA contains a one-year statute of limitations pursuant to 15 U.S.C. § 1692k(d).   The FDCPA statute of limitations is subject to equitable tolling where a defendant concealed the existence of plaintiff's cause of action; plaintiff remained in ignorance of the cause of action until some length of time within the statutory period before commencement of her action; and plaintiff's continuing ignorance was not attributable to lack of diligence on her part.   Sykes v. Mel Harris and Assocs., LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010).

 Here, plaintiff maintains that she did not know and could not have understood that the judgment included a rate of post-judgment interest that defendants had determined for themselves and applied to the judgment in 2011.   Thus, she maintains

4

that, in accordance with her allegations, the statute of limitations began to run with the December 2016 letter.  The determination of the statute of limitations period is a fact-based inquiry that is more appropriate for review upon a motion for summary judgment.  Accordingly, the Court will deny the motion to dismiss on this basis.

    Rooker-Feldman

Defendants maintain that the Rooker-Feldman doctrine bars plaintiff from bringing her FDCPA in federal court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Plaintiff contends that the doctrine does not apply because plaintiff is not challenging the state court judgment but rather defendants' improper collection tactics.

The Rooker-Feldman doctrine bars federal courts from interfering with state court judgments outside of the habeas corpus context.  For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.  McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007).  Rooker-Feldman does not prevent plaintiff from raising federal claims based on the same facts as a prior state court case as long as the plaintiff complains of an injury independent of an adverse decision.  Davis v. JP Morgan Chase Bank, 2016 WL 1267800, at *6 (S.D.N.Y. March 30, 2016) (claims for fraud based on defendants' pre-foreclosure conduct was not barred by Rooker-Feldman).  The Second Circuit has

5

observed that a federal court's ruling on whether a defendant violated the FDCPA "does not, in most cases, require review of the state-court judgment." McCrobie v. Palisade Acquisition XVI, LLC, 664 Fed. Appx 81, 83 (2d Cir. 2016).

Plaintiff argues that her FDCPA claim is directed at the defendants' imposition of a 10% rate of post-judgment interest without a court order specifying the interest rate. She maintains that the state court never ruled on the amount of interest, and therefore, her FDCPA claim does not invite review of a state court judgment.

Equities's complaint had requested 10% post-judgment interest, and the Court awarded post-judgment interest pursuant to Connecticut General Statutes Sec. 37-3a and Connecticut General Statutes Sec. 52-356d(e). Section 37-3a(a) provides: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable." According to Section 52-356d(e), "[i]nterest on a money judgment shall continue to accrue under any installment payment order on such portion of the judgment as remains unpaid."

Construing all facts most favorably to plaintiff, the state court never specified the rate of post-judgment interest except to require that the rate comply with state statutes. Thus, the federal court could consider plaintiff's claim that defendant Equities had violated the FDCPA by applying 10% interest without reviewing and rejecting a ruling of the state court. The Court could also consider whether either of the defendants engaged in any unfair or unconscionable litigation conduct with regard to collection of

6

the debt without reversing the state court judgment. Accordingly, the Court will deny the motion to dismiss on the basis of the Rooker-Feldman doctrine.

Res Judicata and Collateral Estoppel

Federal courts are required to give a prior state court decision the same preclusive effect under either res judicata or collateral estoppel that courts of that state would give to that decision. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). State law determines whether a prior state-court proceeding has any preclusive effect in a subsequent action pending in federal court. See Fayer v. Middlebury, 258 F.3d 117, 124 (2d Cir. 2001).

Res judicata precludes litigation in later actions of claims extant but not raised at the time of a prior action. Micek-Holt v. Papageorge, 180 Conn. App. 540, 554 (2018). Four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue. Wheeler v. Beachcroft, LLC, 320 Conn. 146, 156-57 (2016).

Here, defendant Strumpf was not a party to the prior action. The instant plaintiff alleges that the FDCPA claim stems from defendant Equities's application of 10% post-judgment interest without a state court order quantifying the rate.

Defendants maintain that plaintiff has already raised the issue of whether the state court judgment was properly awarded, and plaintiff asserts that defendants affirmatively prevented plaintiff from raising that issue before the court. Accordingly, it

7

remains a question whether plaintiff could have raised her claim concerning defendant's post-judgment application of the 10% rate at the prior proceeding. In ruling on this motion to dismiss, the Court finds that plaintiff's claim is not barred by res judicata.

Under the doctrine of collateral estoppel, the judgment of a prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. Parklane Hoisery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979). A party raising a defense of collateral estoppel must demonstrate that an issue that is presented in the second case was already fully and fairly litigated. Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 714-15 (1993). The issue must have been necessary to the earlier judgment in the first case. Gladysz v. Planning & Zoning Comm'n, 256 Conn. 249, 261 (2001). Considering plaintiff's allegations to be true for purposes of this motion, the Court cannot find that collateral estoppel applies because the state court did not specifically rule upon the rate of interest, and plaintiff alleges that defendants have acted affirmatively to prevent the court from making such a ruling. The motion to dismiss will be denied on the basis of res judicata and collateral estoppel. The Court will, however, consider such arguments on summary judgment.

### CUTPA

Plaintiff also asserts an unfair trade practices act pursuant to CUTPA against Equities. Defendant Equities maintains that plaintiff has failed to state a claim because plaintiff has not alleged conduct that offends public policy or that is immoral, unethical or unscrupulous.

CUTPA provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999).

However, plaintiff has stated allegations that could constitute unscrupulous conduct relative to debt collection that could cause substantial injury to consumers. In light of the Court's obligation to construe the facts in favor of plaintiff, the Court will deny the motion to dismiss the CUTPA claim.

In their reply brief, defendants raise an entirely new argument that the CUTPA claim should be dismissed pursuant to the common-law litigation privilege. The privilege applies to "statements made in pleadings or other documents prepared in connection with a court proceeding." Walsh v. Law Offices of Howard Lee Schiff, P.C.,

9

2012 WL 4372251, at *7 (D. Conn. Sept. 24, 2012). Because this argument was raised in the reply brief, plaintiff did not have an opportunity to respond. Accordingly, the Court will deny the motion to dismiss on this basis. Defendant may raise this argument on a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED [doc. 8].

Dated at Bridgeport, Connecticut, this 2d day of April, 2018.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge