UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEGGY CERALDI

v.                                                             CASE NO.  3:17CV  1628 (WWE)

LINDA STRUMPF
U.S. EQUITIES CORP.                                            June 25, 2018

## DEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

As and for its supplemental response to Peggy Ceraldi ("Plaintiff")'s Request for Admissions, Defendants Linda Strumpf ("Strumpf") and U.S. Equities Corp. ("Equities") (collectively "Defendants"), state, object and respond as follows:

## REQUEST FOR ADMISSIONS

1. Defendant Strumpf is a solo practitioner whose law office is at her home address of 244 Colonial Rd, New Canaan CT.

**RESPONSE: Defendants admit.**

2. Defendant Strumpf's law firm is a debt collection law firm.

**RESPONSE: Defendants admit for purposes of this matter only.**

3. Ms. Strumpf has more than 35 years' experience in the debt collection field.

**RESPONSE: Defendants deny.  Defendants admit that Strumpf has experience in the collection of debts, but deny that she has "35 years' experience in the debt collection field."**

4. Since February of 1984, Strumpf has devoted a substantial part of her legal practice to litigation for the collection of consumer credit obligations.

**RESPONSE: Defendants deny.  Defendants admit that Strumpf has been licensed to practice law in New York since 1976 and Connecticut since 1990, and presently**

4092888v1

devotes a substantial part of her practice to representing plaintiffs in collection matters.

5. In 2010, Strumpf was requesting attorney's fee awards at an hourly rate of $500 per hour for consumer collections.

RESPONSE: Objection. This request seeks information that is not relevant to any party's claims or defenses and therefore Defendants deny same. Defendants were not seeking an hourly award of attorney fees in this matter. Subject to and without waiving said objections, Defendants admit that Defendant Strumpf has submitted affidavits in support of judgments in other matters seeking an hourly rate of $500.00 in years past. Defendant are uncertain if such affidavits were filed in 2010 and therefore denies same.

SUPPLEMENTAL RESPONSE: See attached affidavit.

6. Defendant Strumpf regularly collects consumer debts by appearing in court, filings pleadings, or writing letters as the attorney for U.S. Equities Corp. ("Equities").

RESPONSE: Objection. This request is vague and ambiguous as to what constitutes "regularly collects" and therefore Defendants deny same. Subject to and without waiving said objections, Defendants admit to Strumpf being licensed to practice law in New York since 1976 and in Connecticut since 1990, and presently represents plaintiffs in collection matters, including Defendant Equities.

SUPPLEMENTAL RESPONSE: See attached affidavit.

7. Equities is a New York Corporation with a Connecticut office location at 244 Colonial Rd, New Canaan CT which is not authorized or registered to do business with the Secretary of the State of Connecticut.

10

**RESPONSE: Defendants admit that Equities is a New York Corporation. Defendants deny the remainder of the request.**

8. Equities has been licensed as a Consumer Collection Agency in Connecticut for many years.

**RESPONSE: Objection. This request is vague and ambiguous as to what constitutes "many years." Subject to and without waiving said objections, Defendants deny. Defendants admit Equities is presently and has been licensed by the Connecticut Department of Banking as a consumer collecting agency.**

**SUPPLEMENTAL RESPONSE: See attached affidavit.**

9. Hal Siegel is the owner, president and sole full-time staff of Equities, and the spouse of defendant Strumpf.

**RESPONSE: Objection. This request seeks information that is not relevant to any party's claims or defenses. Subject to and without waiving said objections, Defendants deny. Defendants admit that Hal Siegel is the president and sole stockholder of Equities and the spouse of Defendant Strumpf.**

10. Equities' principal business is buying defaulted consumer debt and seeking to collect thereon.

**RESPONSE: Defendants deny. Defendants admit that Equities has purchased defaulted consumer debt in the past. Defendants also admit that Equities is a passive debt purchaser.**

11. Equities, acting through its attorney Strumpf, has filed over 2,500 collection cases against individuals in Connecticut.

**RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks**

4092888v1

information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. Subject to and without waiving said objections, Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny.

SUPPLEMENTAL RESPONSE: Defendants admit.

12. Equities, acting through its attorney Strumpf, has filed over 2,500 collection cases against consumers in Connecticut.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. Subject to and without waiving said objections, Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny.

SUPPLEMENTAL RESPONSE: Defendants admit.

13. Equities is an experienced consumer debt collector.

RESPONSE: Defendants deny. Defendants admit that Equities is a passive debt purchaser.

14. Equities applied for attorney's fees in *U.S. Equities Corp. v. Ceraldi,* Superior Court, judicial district of New Britain, Docket No. HHB-CV1106008754-S (the state court action) based on the fact that plaintiff's account arose from a consumer credit transaction.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is

4092888v1

disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. Subject to and without waiving said objections, Defendants deny. Defendants admit Equities sought fees, but deny it was because it was a "consumer" credit transaction. Equities was awarded 15 percent of the judgment in attorney's fees pursuant to CT Gen Stat. § 42-150aa.

SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.

15. Equities was not entitled to 24 percent prejudgment interest on any Chase credit card account.

RESPONSE: Defendants deny.

16. Chase did not send plaintiff any periodic statements after April 30, 2008.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. Subject to and without waiving said objections, Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.

17. Chase could not legally charge plaintiff interest once it stopped sending periodic statements.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is

13

4092888v1

disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. This request improperly seeks a legal conclusion. Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.

18. Chase had waived interest by not adding interest after charge-off of plaintiff's credit card account.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. This request improperly seeks a legal conclusion. Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.

19. Chase's contractual interest rate was variable, not fixed.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

4092888v1

**SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.**

20. Chase could not legally charge plaintiff 24 percent interest.

**RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. This request improperly seeks a legal conclusion. Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.**

**SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.**

21. Strumpf applied for attorney's fees in the state court action without specifying the hourly rate or time expended.

**RESPONSE: Defendants admit that fees were sought, but deny that it was required by the Court to state "the hourly rate or time expended."**

22. Defendants relied on a generic contract as the basis for the attorney's fee request.

**RESPONSE: Defendants deny.**

23. The contract defendants presented in the state court action specified that only attorneys directly representing Chase were entitled to fees; the contract limited the rights of debt buyers to the arbitration clause.

**RESPONSE: Defendants deny.**

24. As of April 4, 2018, no rate of post judgment interest had been set in the state court action.

4092888v1

RESPONSE: Defendants deny.

25. Plaintiff has paid over $12,320 to defendants pursuant to the state court action.

RESPONSE: Defendants admit that the amount referenced has been paid on the debt owed to Equities and deny as to all other extents.

26. Plaintiff paid $130 in the state court action in connection with her motion for protective order.

RESPONSE: Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

SUPPLEMENTAL RESPONSE: Defendants deny.

27. Equities paid less than $100,000 for the 232 accounts purchased from Turtle Creek that included plaintiff's account.

RESPONSE: Objection. This request is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case, and for which the burden and expense of discovery outweigh any likely benefit. This request also seeks information that is confidential, trade secret and proprietary in nature and therefore Defendants deny.

SUPPLEMENTAL RESPONSE: The overly broad and unduly burdensome objections are being withdrawn. See attached affidavit.

4092888v1

## VERIFICATION OF SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

"I verify under penalty of perjury that the foregoing is true and correct."

Executed on June _____, 2018.

LINDA STRUMPF

By: _____

Executed on June _____, 2018.

U.S. EQUITIES CORP.

By: _____

. AS TO FORM AND OBJECTIONS:

MOSS & BARNETT

By _____
John K. Rossman, ct27261
150 South Fifth Street
Suite 1200
Minneapolis, MN  55402-4129
Telephone:  (612) 877-5396
Facsimile:  (612) 877-5060
E-mail: John.Rossman@lawmoss.com

17

4092888v1