THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| PEGGY CERALDI | : | 3:17-cv-01628-WWE |
|  | : |  |
| Plaintiff | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| LINDA STRUMPF | : |  |
| U.S EQUITIES CORP | : |  |
| Defendants | : | June 25, 2018 |

## AFFIDAVIT OF LINDA STRUMPF IN SUPPORT OF DEFENDANTS' DISCOVERY OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

I, Linda Strumpf, being duly sworn and upon oath states that the following statements are based upon personal knowledge and are true and correct:

1.   I am making this declaration in response to Plaintiff's counsel's June 12-13, 2018 emails detailing all of Plaintiff's concerns regarding Defendants' responses to Plaintiff's first set of discovery requests.  (Ex. A.)  Further, this affidavit is made in compliance with *Vidal v. Metro-North Commuter R. Co.*, 2013 WL 1310 4 *1-2  (D. Conn. March 28, 2013).

2.   Plaintiff's Interrogatory Request No. 4 is not relevant because software used to keep contemporaneous track of paralegal and attorney time is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.  Further, no such software exists for Defendants.

3.   Plaintiff's Interrogatory Request No. 5 is not relevant because other Connecticut lawsuits in which Defendants applied for prejudgment interest in excess of ten percent is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.  This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000

lawsuits and identify those in which Defendants applied for prejudgment interest in excess of ten percent. It would take at least 15 minutes – most likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

4.     Plaintiff's Interrogatory Request No. 6 is not relevant because other Connecticut lawsuits in which Defendants applied for post judgment interest at a rate of ten percent is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000 lawsuits and identify those in which Defendants applied for post judgment interest at a rate of ten percent. It would take at least 15 minutes – most likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

5.     Plaintiff's Interrogatory Request No. 7 is not relevant because other Connecticut lawsuits in which Defendants applied for attorney's fees is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000 lawsuits and identify those in which Defendants applied for attorney's fees. It would take at least 15 minutes – most

2

likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

6.     Plaintiff's Interrogatory Request No. 8 is not relevant because other Connecticut lawsuits in which Defendants were awarded prejudgment interest in excess of ten percent is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000 lawsuits and identify those in which Defendants were awarded prejudgment interest in excess of ten percent. It would take at least 15 minutes – most likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

7.     Plaintiff's Interrogatory Request No. 9 is not relevant because other Connecticut lawsuits in which Defendants were awarded post judgment interest at a rate of ten percent is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000 lawsuits and identify those in which Defendants were awarded post judgment interest at a rate of ten percent. It would take at least 15 minutes – most likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it

4092891v1

would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

8.    Plaintiff's Interrogatory Request No. 10 is not relevant because other Connecticut lawsuits in which Defendants were awarded post judgment interest without a rate being set is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000 lawsuits and identify those in which Defendants were awarded post judgment interest without a set rate. It would take at least 15 minutes – most likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

9.    Plaintiff's Interrogatory Request No. 11 is not relevant because other Connecticut lawsuits in which Defendants were awarded attorney's fees at $500.00 per hour is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. This request is also overly broad and unduly burdensome because it would require Defendants to manually sort through approximately 6,000 lawsuits and identify those in which Defendants were awarded attorney's fees at $500.00 per hour. It would take at least 15 minutes – most likely more – to review one file, aside from the efforts to retrieve the files from the storage and costs associated therewith. At a minimum, it would take one hour to review four files, and 1,500 hours to review 6,000 files. Working forty hours a week, it would

4092891v1

take 37 ½ weeks to respond to this request. This request is disproportionate to the needs of the case.

10.    Plaintiff's Interrogatory Request No. 13 is not relevant because the amount U.S. Equities paid Turtle Creek for the 232 accounts purchased is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

11.    Plaintiff's Interrogatory Request No. 14 is not relevant because whether Defendants are aware of rulings that a collector may not add post judgment interest if it has not been awarded by a court, is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

12.    Plaintiff's Interrogatory Request No. 16 is not relevant because the date of the most recent application for 24 percent prejudgment interest in a collection suit brought by U.S. Equities is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

13.    Plaintiff's Interrogatory Request No. 17 is not relevant because whether U.S. Equities stopped applying for 24 percent prejudgment interest is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

14.    Plaintiff's Request for Admission No. 5 is not relevant because the hourly rate of attorney's fees that I was requesting in 2010 is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

4092891v1

15.    Plaintiff's Request for Admission No. 6 is not relevant because whether I regularly collect consumer debts as the attorney for U.S. Equities is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

16.    Plaintiff's Request for Admission No. 8 is not relevant because the number of years U.S. Equities has been licensed as a Consumer Collection Agency in Connecticut is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

17.    Plaintiff's Request for Admission No. 14 is not relevant because the reason U.S. Equities applied for attorney's fees in the state court action is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

18.    Plaintiff's Request for Admission No. 16 is not relevant because whether Chase sent Plaintiff any periodic statements after April 30, 2008 is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

19.    Plaintiff's Request for Admission No. 17 is not relevant because whether Chase could legally charge Plaintiff interest once it stopped sending periodic statements is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

20.    Plaintiff's Request for Admission No. 18 is not relevant because whether Chase waived interest by not adding interest after charge-off is not relevant to Plaintiff's sole claims in

6

this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

21.     Plaintiff's Request for Admission No. 19 is not relevant because whether Chase's contractual interest rate was variable or fixed is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

22.     Plaintiff's Request for Admission No. 20 is not relevant because whether Chase could legally charge Plaintiff 24 percent interest is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

23.     Plaintiff's Request for Admission No. 27 is not relevant because whether U.S. Equities paid less than $100,000 for the 232 accounts purchased from Turtle Creek is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

24.     Plaintiff's Request for Documents No. 1 is not relevant because not all documents and communications concerning Plaintiff during and after 2016 are relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

25.     Plaintiff's Request for Documents No. 2 is not relevant because the category and location of documents, electronically stored information and tangible things are not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

26. Plaintiff's Request for Documents No. 3 is not relevant because any insurance agreement is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

27. Plaintiff's Request for Documents No. 4 is not relevant because the retainer agreement in the state court case against Ms. Ceraldi is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses.

28. Plaintiff's Request for Documents No. 8 is not relevant because Plaintiff's checks and deposit slips are not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses: This request is also overly broad and unduly burdensome because it would require Defendants to contact the bank and request copies of checks and deposit slips for approximately 360 payments made by Plaintiff through June 1, 2018. This would be very costly and is disproportionate to the needs of the case.

29. Plaintiff's Request for Documents No. 9 is not relevant because all time records showing time expended in the state court action is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. Further, no time records exist.

30. Plaintiff's Request for Documents No. 10 is not relevant because the electronic spreadsheet for the time records in its native format is not relevant to Plaintiff's sole claims in this case regarding the rate of post judgment interest applied in the state court case or Defendants' defenses. Further, an electronic spreadsheet in its native format does not exist.

Dated this _25_ day of June, 2018.

8

Linda Strumpf

SWORN TO BEFORE ME this
2 5 day of ___JUNE___, 2018.

_Erica Cherniske_
NOTARY PUBLIC

**ERICA CHERNISKE**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES AUG. 31, 2020

9

4092891v1

# <u>EXHIBIT A</u>

**Rossman, John K.**

| | |
|---|---|
| **From:** | Joanne Faulkner <j.faulkner@snet.net> |
| **Sent:** | Wednesday, June 13, 2018 11:45 AM |
| **To:** | Rossman, John K. |
| **Subject:** | Re: settlement, discovery |

As stated in Vidal, objections should have been supported by specific affidavits.
That has nothing to do with the verifications I received.

Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com

**From:** Rossman, John K.
**Sent:** Wednesday, June 13, 2018 11:26 AM
**To:** 'Joanne Faulkner'
**Subject:** RE: settlement, discovery

Thank you Joanne.  Unfortunately, it does not appear that the parties had a settlement.  However, we will have to agree to disagree on that.

On the discovery concerns, I will have to review these more closely and advise.  One question: several of your comments state "no affidavit".  I am not certain what you mean by that.  Below is the signature block, for instance, from the interrogatories:

## <u>VERIFICATION OF RESPONES TO INTERROGATORIES</u>

"I verify under penalty of perjury that the foregoing is true and correct."

Executed on June 3, 2018.                                    LINDA STRUMPF

                                                                              By:

Executed on June 3, 2018.                                    U.S. EQUITIES CORP.

                                                                              By:

Are you saying you want these signatures notarized or what do you mean by "no affidavit"?  I am not aware of any rule requiring an "affidavit" for a party to respond to discovery.

1

Thank you.

- John

**John K. Rossman**

Attorney at Law

## Moss & Barnett

Direct: (612) 877-5396    John.Rossman@lawmoss.com

Fax: (612) 877-5060

<u>vCard</u>    <u>Bio</u>    <u>LinkedIn</u>    <u>Twitter</u>    <u>Facebook</u>    <u>www.LawMoss.com</u>

150 South Fifth Street    Suite 1200    Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please <u>click here</u> for our disclaimer and <u>here</u> for our privacy policy.

**From:** Joanne Faulkner [mailto:j.faulkner@snet.net]
**Sent:** Wednesday, June 13, 2018 8:19 AM
**To:** Rossman, John K.
**Subject:** Re: settlement, discovery

Until your clients honor their settlement agreement, nothing goes up but the attorney's fees.

Assuming you read Vidal and I don't need to repeat the defects I already called your attention to, including failure to comply with production rules.

Int 4: described but not "identified." What is the software named? Who has the proprietary rights?

Int. 5-11. Boilerplate objections waived; no affidavit. Please provide. Definitely not readily available due to the Judicial System erasure policy, but that is not a federal objection anyway. <u>Charter Practices Int'l, LLC v. Robb</u>, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014)

Int. 13 Boilerplate objections waived; no affidavit. Please provide.

Int 14 Boilerplate objections waived; no affidavit. Please provide There is no objection to form as to interrogatories.

Int. 16 Boilerplate objections waived; no affidavit. Please provide the date.

( Your clients are well aware that the 24% was not allowed by contract or federal/state law.)

2

Int. 17 Boilerplate objections waived; no affidavit. Please provide a non-evasive response.

All Production requests: Boilerplate objections waived; no affidavit. Please respond w/o boilerplate

All Admissions: Boilerplate objections waived; no affidavit. Please  respond w/o boilerplate. No good reason to be so evasive; damages credibility.

Adm 5, 6: reasonable inquiry not conducted, non-responsive.

Adm 7: USE does not have and cannot use that corp name in CT; please admit

Adm 8, non-responsive; reasonable inquiry not conducted/ they know how long USE has been licensed.

Adm. 10. In view of all the lawsuits filed, the denial is specious. No need to be evasive.

Adm 11, 12. 16: reasonable inquiry not conducted, non-responsive. Just check the CT docket and their own records!

Adm 17-21: See rule 36(a)(1)(a)

Adm 21. Respond directly, then explain.

The denials in 22-24 are evasive and specious.

Adm 26 reasonable inquiry not conducted, non-responsive. Matter of public record admitted by your clients in state court proceedings.

Adm 27. That does not request anything possibly objectionable, and waived by no affidavit anyway.

Joanne S. Faulkner, Attorney
123 Avon Street

3

New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com
On 6/12/2018 3:08 PM, Rossman, John K. wrote:

> Thanks Joanne.  I will await your work up for our discussion on the discovery responses.  I do take issue with your statement that "the responses are so noncompliant, they are not responses at all" and disagree completely with that comment.
>
> I haven't been following Barshay's cases that closely.  Is he trying to get *Taylor* overturned?
>
> Thank you.
>
> - John

**John K. Rossman**

Attorney at Law

# Moss & Barnett

Direct: (612) 877-5396     John.Rossman@lawmoss.com

Fax: (612) 877-5060

vCard     Bio     LinkedIn     Twitter     Facebook     www.LawMoss.com

150 South Fifth Street   Suite 1200   Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

---

**From:** Joanne Faulkner [mailto:j.faulkner@snet.net]
**Sent:** Tuesday, June 12, 2018 2:03 PM
**To:** Rossman, John K.
**Subject:** Re: settlement, discovery

The list is almost as long as the responses. I am proceeding on the assumption that since the responses are so noncompliant, they are not responses at all.
Let me see if I can work up something for discussion, presuming you will correct the already-specified deficiencies with no further ado.

Barshay got another 2d cir order today for expedited briefing in another case. I don't know how many of these he has pending!

Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com
On 6/12/2018 2:39 PM, Rossman, John K. wrote:

> Thank you Joanne.  It would be most efficient for you to provide me with your entire "list" now, rather than doing this piecemeal.  Since I have asked and you will not provide me with that list, I will proceed with the presumption that Plaintiff has no other objections or concerns.
>
> Thank you.

4

■  John

**John K. Rossman**
Attorney at Law

## Moss & Barnett

Direct: (612) 877-5396      John.Rossman@lawmoss.com

Fax: (612) 877-5060

vCard      Bio      LinkedIn      Twitter      Facebook      www.LawMoss.com

150 South Fifth Street   Suite 1200   Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

**From:** Joanne Faulkner [mailto:j.faulkner@snet.net]
**Sent:** Tuesday, June 12, 2018 1:05 PM
**To:** Rossman, John K.
**Subject:** Re: settlement, discovery

Don't worry about that until the responses are in procedural order.
I will call to discuss then, hopefully with many checked off the list.

```
Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com
```
On 6/12/2018 12:26 PM, Rossman, John K. wrote:

    Thanks Joanne.  What are your other concerns?

**John K. Rossman**
Attorney at Law

## Moss & Barnett

Direct: (612) 877-5396      John.Rossman@lawmoss.com

Fax: (612) 877-5060

vCard      Bio      LinkedIn      Twitter      Facebook      www.LawMoss.com

150 South Fifth Street   Suite 1200   Minneapolis, MN 55402

Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

**From:** Joanne Faulkner [mailto:j.faulkner@snet.net]
**Sent:** Tuesday, June 12, 2018 11:24 AM
**To:** Rossman, John K.
**Subject:** Re: settlement, discovery

**I have lots more concerns, but getting the technicalities out of the
way will facilitate substantive discussion of the rest, and probably
obviate some concerns without discussion.**

Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com

**From:** Rossman, John K.
**Sent:** Tuesday, June 12, 2018 12:07 PM
**To:** 'Joanne Faulkner'
**Subject:** RE: settlement, discovery

     Thanks Joanne.  I enjoyed meeting you last week.  I mentioned that I saw your name in a blog post.  I found it again and here it is:

https://www.nclc.org/images/pdf/countryman/faulkner_02.pdf

     We will have to agree to disagree about whether there was a settlement.  Obviously the Court will decide that issue with the motion now fully briefed.  Further, we did discuss discovery in the presence of the Court last week, but neither of us had the responses in hand.

     On the discovery, I will review the cases and concerns you set forth below within a week as you suggest and advise.  Please confirm that your email below encompasses all of your objections and concerns regarding Defendants' discovery responses.  In the interests of economy and efficiency, it makes sense to address all of Plaintiff's concerns at once, rather than piecemeal.  I will certainly make myself available for a good faith discussion.

     Thank you.

■ John

**John K. Rossman**
Attorney at Law
## Moss & Barnett
Direct: (612) 877-5396     John.Rossman@lawmoss.com
Fax: (612) 877-5060
vCard     Bio     LinkedIn     Twitter     Facebook     www.LawMoss.com
150 South Fifth Street    Suite 1200    Minneapolis, MN 55402
Notice: Important disclaimers and limitations apply to this email.
Please click here for our disclaimer and here for our privacy policy.

**From:** Joanne Faulkner [mailto:j.faulkner@snet.net]
**Sent:** Tuesday, June 12, 2018 9:18 AM
**To:** Rossman, John K.
**Subject:** settlement, discovery

Settlement
Since Equities did not recommend any change after Ceraldi accepted the offer, please be sure it complies with the agreement.

I just found a CT case that says a "suggested" change is not a counter or rejection, so it seems that Strumpf is bound by the accepted agreement as well, despite her recommendation.

"Although it articulates various issues that the defendants had with the April 14, 2014 proposed agreement, the comment sheet does not contain any rejection—explicit or implicit—of that proposal."

Al Dente, LLC v. Consiglio, 171 Conn. App. 576, 594–95, 157 A.3d 743, 753–54 (2017). Here, of course, we had a *concluded* agreement.

Discovery

I can see why you did not want to discuss the discovery with Judge Fitzsimmons. Please re-read her ruling and comply.

Vidal v. Metro-North Commuter R. Co., 2013 WL 1310504 *1-2  (D. Conn. March 28, 2013)

In addition, please comply with Rule 34(b)(2)(c) to allow us to have a good faith discussion. Also, cross reference to documents must be to specific documents to enable a productive discussion.
"Rule 33 does not permit a party to avoid specific responses to interrogatories by reference to undifferentiated masses of documents." This, LLC v. Jaccard Corp., No. 3:15-CV-1606(JBA), 2017 WL 547902, at *3 (D. Conn. Feb. 9, 2017).

"when a response to a production for documents is not a production or an objection, but an answer, the party must answer under oath."

Lutes v. Kawasaki Motors Corp., USA, No. 3:10CV1549 WWE, 2014 WL 7185469, at *1 (D. Conn. Dec. 16, 2014).

There are several inconsistencies. For instance, Int 14 denies that it sought fees because it was a consumer transaction, but the cited section allows fees only if it is a consumer transaction. See also Prod 9, which refers to the cited section as allowing 15% when it allows reasonable fees UP TO  15%. And, defendants deny or quibble about exact quotes from Strumpf's web site and prior deposition.

So, please get compliance that far within a week and we can discuss the balance. Thanks.

--
Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com