UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEGGY CERALDI

v.                              CASE NO.  3:17CV  1628 (WWE) (RMS)

LINDA STRUMPF
U.S. EQUITIES CORP.

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 36 MOTION</u>**

Plaintiff alleged that defendants committed unfair and deceptive practices by adding interest to the already inflated judgment entered against her. Defendants embarked on an unsuccessful campaign to justify their wrongful self-assessment of interest. As a result, it is established as a matter of law that these defendants improperly added postjudgment interest. *U.S. Equities Corp. v. Ceraldi*, 186 Conn. App. 610, 617, 200 A.3d 747, 752 (2018). Indeed, the principle was well established more than a century ago. *Goldreyer* v. *Cronan*, 76 Conn. 113, 117, 55 A. 594 (1903).

Equities also separately sent deceptive communications to plaintiff about what she owed on the judgment, irrespective of the postjudgment interest issue. The course of the state appellate proceedings confirmed that defendants had included fees and prejudgment interest illegally as alleged in ¶ 12 of the Complaint; yet, to date, defendants have not retracted or filed a satisfaction of judgment to the extent of the indisputably and undisputed unlawful charges.

Once the Connecticut court entered its decision, defendants flouted the Appellate Court by not withdrawing the lien on plaintiff's property.

1

Defendants' responses to requests for admissions are evasive and noncompliant with the federal rules, as more specifically set forth below and in the Local Rule 37 affidavit filed herewith.

<u>Rule 36 principles.</u> Fed R. Civ. P. 36 is designed to facilitate the speedy and inexpensive determination of every action. It requires a good faith investigation, as plaintiff's requests reminded defendants at the outset of her requests for admission**:** "[T]he reasonable inquiry requirement goes beyond parties to the suit, and parties have been required to make inquiry of a person not a party to the action in order to respond to Rule 36 admissions." Moore's Federal Practice (3d ed.) §36.11[5][d] at 36-33.

Rule 36(a)(4) requires not only good faith, but that responses be fairly addressed to the requests. Boilerplate objections fail to meet this standard. "Objections must be directed and specifically related to a specific request. General objections without any reference to a specific request to admit are meritless " *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003). Defendants' boilerplate objections give the appearance of obfuscation. General objections are improper and should be stricken. Plaintiff will not further address them.

5.  In 2010, Strumpf was requesting attorney's fee awards at an hourly rate of $500 per hour for consumer collections.

<u>Response</u>: [boilerplate] Defendants admit that Defendant Strumpf has submitted affidavits in support of judgments in other matter seeking an hourly rate of $500.00 in years past. Defendant [sic] are uncertain if such affidavits were filed in 2010 and therefor denies same.

<u>Comment</u>: Rule 36 expects the party to assert lack of knowledge of its own records "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Having failed to comply with the

2

requirements of Rule 36, defendants must admit. Lumpkin v. Meskill, 64 F.R.D. 673, 678-79 (D. Conn. 1974) ("[T]here seems to be no apparent reason why through 'reasonable inquiry' the defendant would not be able to obtain those facts."). An evasive or incomplete response "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 7(a)(4).

6. Defendant Strumpf regularly collects consumer debts by appearing in court, filings pleadings, or writing letters as the attorney for U.S. Equities Corp. ("Equities").

Response: Objection. This request is vague and ambiguous as to what constitutes "regularly collects" and therefor Defendants deny same. Subject to and without waiving said objections, defendants admit to Strumpf being licensed to practice law in New York since 1976 and in Connecticut since 1990, and presently represents plaintiffs in collection matters, including Defendant Equities.

Comment: Plaintiff alleged that defendant Strumpf is a debt collector. She denied or evaded a direct response to ¶ 6 of the complaint. If she contends that the statutory definition of debt collector, which includes "regularly collects," is "vague and ambiguous" she should define the term and answer accordingly; or admit for the purpose of this litigation.

7. Equities is a New York Corporation with a Connecticut office location at 244 Colonial Rd, New Canaan CT which is not authorized or registered to do business with the Secretary of the State of Connecticut.

Response: Defendants admit that Equities is a New York Corporation. Defendants deny the remainder of the request.

Comment: This request is objectively true as a matter of public records. Good faith does not allow evasive responses. There is no possible reason for the gamesmanship.

8.	Equities has been licensed as a Consumer Collection Agency in Connecticut for many years.

Response: Objection. This request is vague ad ambiguous as to what constitutes "many years." Subject to and without waiving said objections, Defendants deny. Defendants admits Equities is presently and has been licensed by the Connecticut Department of Banking as a consumer collecting agency.

Comment: The statement is objectively true as a matter of public records and is one factor in determining that Equities is a debt collector, despite its evasive responses to the complaint and discovery. Good faith does not allow evasive responses. There is no possible reason for gamesmanship. If defendants did not understand the phrase "many years," they can just name the year or qualify the answer.

9.	~~Hal Siegel is the owner, president and sole full-time staff of Equities, and the spouse of defendant Strumpf.~~

10.	Equities' principal business is buying defaulted consumer debt and seeking to collect thereon.

Response: Defendants deny. Defendants admit that Equities has purchased defaulted consumer debt in the past. Defendants also admit that Equities is a passive debt purchaser.

Comment: Defendants' response is not only evasive, but is inconsistent with their response to Prod. 5.[1] Any debt buyer that files some 6,000 collection actions and affidavits in support of judgment cannot deny this statement, as defendants did in response to ¶ 5 of the Complaint (or asserted that they did not have sufficient information and knowledge about Equities' business!). "As long as a business's raison d'être is obtaining payment on the debts that it acquires, it is a debt collector." *Barbato v. Greystone All.*, LLC, 916 F.3d 260, 267 (3d Cir. 2019).

---

[1] 5. If you deny that Equities' principal purpose is buying and collecting on defaulted consumer accounts, Provide Equities' tax filings from 2011 to date.   RESPONSE: This request is not applicable.

4

~~11.	Equities, acting through its attorney Strumpf, has filed over 2,500 collection cases against individuals in Connecticut.~~
~~12.	Equities, acting through its attorney Strumpf, has filed over 2,500 collection cases against consumers in Connecticut.~~
~~13.	Equities is an experienced consumer debt collector.~~
~~14.	Equities applied for attorney's fees in *U.S. Equities Corp. v. Ceraldi,* Superior Court, judicial district of New Britain, Docket No. HHB-CV1106008754-S (the state court action) based on the fact that plaintiff's account arose from a consumer credit transaction.~~

\*\*\*

Following is a series of requests related to ¶ 12 of the Complaint.

Comments to all of the evasions: Defendants were not entitled to collect prejudgment interest; they have not been able to justify the collection and have not retracted the unlawful charges. See Rule 36(a)(1)(A) (application of law to facts).

"Summing up, the plain language of the purchase agreement did not transfer to defendants the right to collect post-charge-off interest. And even if it did, Chase waived the right to collect post-charge-off interest, and defendants were bound by that waiver. Accordingly, summary judgment is appropriate for plaintiff as to liability." *Tabiti v. LVNV Funding, LLC,* No. 13-CV-7198, 2019 WL 1382235, at \*10 (N.D. Ill. Mar. 27, 2019)

15.	Equities was not entitled to 24 percent prejudgment interest on any Chase credit card account.

Response: Defendants deny.

Comment: The response is not in good faith. The statement is true as a matter of fact and law.

16.	Chase did not send plaintiff any periodic statements after April 30, 2008.

Response: [boilerplate] Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

Comment: Defendants did not conduct the reasonable investigation required by Rule 36.

17. Chase could not legally charge plaintiff interest once it stopped sending periodic statements.

Response: [boilerplate] This request improperly seeks a legal conclusion Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

Comment: Defendants did not conduct the reasonable investigation required by Rule 36., and are required to respond to such requests for admission Rule 36(a)(1) (a).

18. Chase had waived interest by not adding interest after charge-off of plaintiff's credit card account.

Response: [boilerplate] This request improperly seeks a legal conclusion Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

Comment: Defendants did not conduct the reasonable investigation required by Rule 36., and are required to respond to such requests for admission Rule 36(a)(1) (a)

19. Chase's contractual interest rate was variable, not fixed.

Response: [boilerplate] Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

Comment: Defendants are in possession of the contract; they submitted it to the state court as a fixed rate document, which it clearly is not, to get judgment. Defendants did not conduct the reasonable investigation required by Rule 36., and are required to respond to such requests for admission Rule 36(a)(1) (a)

20. Chase could not legally charge plaintiff 24 percent interest.

6

Response: [boilerplate] This request improperly seeks a legal conclusion. Defendants are without sufficient information or knowledge to either admit or deny this request and therefore deny the same.

Comment: Defendants did not conduct the reasonable investigation required by Rule 36., and are required to respond to such requests for admission Rule 36(a)(1) (a)

****

21. Strumpf applied for attorney's fees in the state court action without specifying the hourly rate or time expended;

Response: Defendants admit that fees were sought, but deny that it was required by the Court to state "the hourly rate or time expended."

Comment: Again, this statement is objectively true. The argumentative answer is not in good faith, and, indeed is contrary to state (and federal principles) for any fee application.

22. Defendants relied on a generic contract as the basis for the attorney's fee request.

Response: Defendants deny

Comment: Again, this statement is objectively true, as asserted under oath by defendants in the state court record.. The answer is not in good faith.

23. The contract defendants presented in the state court action specified that only attorneys directly representing Chase were entitled to fees; the contract limited the rights of debt buyers to the arbitration clause.

Response: Defendants deny

Comment: Again, this statement is objectively true, as evidenced by the very terms of the contract that defendants relied on, in the state court record.. The answer is not in good faith.

24. As of April 4, 2018, no rate of postjudgment interest had been set in the state court action.

Response: Defendants deny.

Comment: The Appellate Court so held. The denial is not in good faith.

25. ~~Plaintiff has paid over $12,320 to defendants pursuant to the state court action.~~
26. Plaintiff paid $130 in the state court action in connection with her motion for protective order.

Response: Defendants are without sufficient information or knowledge to either admit or deny this request and therefor deny the same.

Comment: The denial is not in good faith, since the statement is objectively true as a matter of public record, which the defendants were obligated to investigate before claiming lack of knowledge.

27. Equities paid less than $100,000 for the 232 accounts purchase from Turtle Creek that included plaintiff's account.

Response:[boilerplate] This request also seeks information that is confidential, trade secret and proprietary in nature and therefore Defendants deny.

Comment: The above bald assertion is not a good faith basis to deny the obvious. Defendants have long since waived any conclusory claim of privilege, confidentiality, or trade secret by not complying with D. Conn. L. Civ Rule 26(e), Fed. R. Civ. P 26(b)(5) or 26(c). Plaintiff respectfully requests that the Court order a full response.

## CONCLUSION

An evasive or incomplete response "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). The requests should be deemed admitted, with appropriate sanctions pursuant to Fed. R. Civ. P. 26(g)(3).

9

        THE PLAINTIFF


BY_____
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395

9