UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEGGY CERALDI

v.                                        CASE NO.  3:17CV  1628 (WWE) (RMS)

LINDA STRUMPF
U.S. EQUITIES CORP.

LOCAL RULE 37 AFFIRMATION

I am counsel for the plaintiff in the within action. I certify, pursuant to 28 U.S.C. §1746, relative to the discovery disputes in this matter:

1. By June 5, 2018, defendants had provided defective answers and objections to interrogatories, production requests and admissions. On June 5, 2018, Defendants retracted their settlement agreement and refused to discuss the discovery disputes at an in-person conference with Magistrate Judge Fitzsimmons.

2. On June 13, 2018, I pointed out the multiple defects and evasions, including failure to comply with discovery rules:

> Assuming you read Vidal and I don't need to repeat the defects I already called your attention to, including failure to comply with production rules.
>
> Int 4: described but not "identified." What is the software named? Who has the proprietary rights?
>
> Int. 5-11. Boilerplate objections waived; no affidavit. Please provide. Definitely not readily available due to the Judicial System erasure policy, but that is not a federal objection anyway. Charter Practices Int'l, LLC v. Robb, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014)
>
> Int. 13 Boilerplate objections waived; no affidavit. Please provide.
>
> Int 14 Boilerplate objections waived; no affidavit. Please provide There is no objection to form as to interrogatories.

Int. 16 Boilerplate objections waived; no affidavit. Please provide the date.

( Your clients are well aware that the 24% was not allowed by contract or federal/state law.)

Int. 17 Boilerplate objections waived; no affidavit. Please provide a non-evasive response.

All Production requests: Boilerplate objections waived; no affidavit. Please respond w/o boilerplate

All Admissions: Boilerplate objections waived; no affidavit. Please respond w/o boilerplate. No good reason to be so evasive; damages credibility.

Adm 5, 6: reasonable inquiry not conducted, non-responsive.

Adm 7: USE does not have and cannot use that corp name in CT; please admit

Adm 8, non-responsive; reasonable inquiry not conducted/ they know how long USE has been licensed.

Adm. 10. In view of all the lawsuits filed, the denial is specious. No need to be evasive.

Adm 11, 12. 16: reasonable inquiry not conducted, non-responsive. Just check the CT docket and their own records!

Adm 17-21: See rule 36(a)(1)(a)

Adm 21. Respond directly, then explain.

The denials in 22-24 are evasive and specious.

Adm 26 reasonable inquiry not conducted, non-responsive. Matter of public record admitted by your clients in state court proceedings.

Adm 27. That does not request anything possibly objectionable, and waived by no affidavit anyway.

3. Defendants asked for details. On June 13, 2018, plaintiff responded:

I can see why you did not want to discuss the discovery with Judge Fitzsimmons. Please re-read her ruling and comply.

>Vidal v. Metro-North Commuter R. Co., 2013 WL 1310504 *1-2  (D. Conn. March 28, 2013)
>
>In addition, please comply with Rule 34(b)(2)(c) to allow us to have a good faith discussion. Also, cross reference to documents must be to specific documents to enable a productive discussion.
>"Rule 33 does not permit a party to avoid specific responses to interrogatories by reference to undifferentiated masses of documents." This, LLC v. Jaccard Corp., No. 3:15-CV-1606(JBA),
>2017 WL 547902, at *3 (D. Conn. Feb. 9, 2017).
>
>"when a response to a production for documents is not a production or an objection, but an answer, the party must answer under oath."
>
>Lutes v. Kawasaki Motors Corp., USA, No. 3:10CV1549 WWE, 2014 WL 7185469, at *1 (D. Conn. Dec. 16, 2014).
>
>There are several inconsistencies. For instance, Int 14 denies that it sought fees because it was a consumer transaction, but the cited section allows fees only if it is a consumer transaction. See also Prod 9, which refers to the cited section as allowing 15% when it allows reasonable fees UP TO  15%. And, defendants deny or quibble about exact quotes from Strumpf's web site and prior deposition.
>
>So, please get compliance that far within a week and we can discuss the balance. Thanks.

4. On July 6, 2018, defendants provided "supplemental responses," without deleting ineffectual and unsubstantiated boilerplate objections, but providing a belated affidavit self-adjudicating whether the requests were relevant, and,  as to the burdensome-to-go-through-files objection, claiming that there were over 6,000 collection files and that it would take 15 minutes per file to review each file.

5. I responded with a proposal to resolve the "burdensome" objection:

>From the electronic version, I see your clients did not retract some of the boilerplate objections that are unsubstantiated, and still cross-reference unidentified documents.
>To resolve the "burdensome" objection, we can limit the request to files that are paying and dockets that some action has been taken on from 2016 forward.
>Those are undoubtedly not in storage.
>Then, to reduce the burden further, produce the files to me and will probably spend 5 minutes on a file for all the "burdensome" responses at once. Don't forget we have a

claim for punitive damages.

6. On July 6, 2018, defense counsel replied:   "I will forward your proposal on the discovery to my clients and advise."

7. Despite reminders dated 9/20/2018, 10/29/2018, 2/18/2019, 4/8/2019, 4/26/2019, 8/12/2019, 8/13/2019, 8/15/2019, and 8/21/2019 (twice), Mr. Rossman has not complied with his representation and professional obligations to "forward your proposal on the discovery to my clients and advise."

8. Meanwhile, the parties engaged in intense settlement efforts after defendants reneged on their settlement agreement, and extensive go-rounds regarding the "joint" planning report each filed on 5/30/19 in anticipation of the issuance of a scheduling order.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2019.

_/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395
j.faulkner@snet.net