UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                          :
PEGGY CERALDI                             :        3: 17 CV 1628 (JCH)
                                          :
v.                                        :
                                          :
LINDA STRUMPF                             :        DATE: OCT. 29, 2019
U.S. EQUITIES CORP.                       :
                                          :
---------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 69),
PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS
FOR ADMISSIONS (DOC. NO. 70) AND DEFENDANTS' CROSS MOTION FOR
PROTECTIVE ORDER (DOC. NO. 71)

Familiarity with the procedural history of this case, as detailed in this Court's Recommended Ruling on the Plaintiff's Motion for Judgment Upon Settlement, is presumed. (Doc. No. 63; *see* Doc. No. 64 (order approving and adopting recommended ruling)). On May 31, 2019, the Court (Eginton, J.) referred this case to the undersigned for discovery. (Doc. No. 68). On October 9, 2019, this case was transferred to the United States District Judge Janet C. Hall. (Doc. No. 72).

On September 9, 2019, the plaintiff filed the pending Motion to Compel (Doc. No. 69), with brief (Doc. No. 69-4), affidavits (Doc. Nos. 69-3 & 69-5), and copies of the Defendants' Supplemental Responses to Plaintiff's Document Requests (Doc. Nos. 69-1) and the Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories (Doc. No. 69-2) attached. On the same day, the plaintiff filed the pending Motion to Determine the Sufficiency of Defendants' Responses to Request for Admissions (Doc. No. 70), with brief (Doc. No. 70-3), affidavits (Doc. Nos. 70-2 & 70-4), and exhibit in support. (Doc. No. 70-1). On September 30, 2019, the

1

defendants filed a joint brief in opposition to both motions, and a Cross Motion for Protective Order (Doc. No. 71), and on October 10, 2019, the plaintiff filed reply briefs. (Doc. Nos. 73-74).

For the reasons stated below, the plaintiff's Motion to Compel (Doc. No. 69) is GRANTED IN PART AND DENIED IN PART AS MOOT, the plaintiff's Motion to Determine Sufficiency of Defendants' Responses to Requests for Admissions (Doc. No. 70) is GRANTED IN PART AND DENIED IN PART, and the defendants' Cross Motion for Protective Order (Doc. No. 71) is GRANTED IN PART AND DENIED IN PART.

I. MOTION TO COMPEL

A. LEGAL STANDARD

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). The proportionality determination limits the scope of discovery by "considering the importance of the issues at stake[,]" the "amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense . . . outweighs the likely benefit" of the discovery sought. FED. R. CIV. P. 26(b)(1).

B. DISCUSSION

The underlying motion to compel addresses discovery that was served over a year ago. Specifically, in the Motion to Compel, the plaintiff seeks a court order regarding the defendants' supplemental responses that the defendants served on June 25, 2018 (Doc. Nos. 69-1 & 69-2; *see also* Doc. No. 69-3 (emails from counsel, most recent of which are dated June 13, 2018)). In the

absence of a discovery deadline, discovery has languished.[1] Discovery shall close upon the completion of production in accordance with this ruling.

1. DOCUMENT REQUESTS[2]

    a. DOCUMENT REQUEST NOS. 1-2

In Document Request No. 1, the plaintiff seeks: "All documents and communications concerning the plaintiff during and after 2016[,]" and, in Document Request No. 2, the plaintiff seeks: "A copy by category and location of all documents, of electronically stored information and tangible things that you have in your possession, custody or control that you may use to support your claims and defenses in this matter." (Doc. No. 69-1 at 1-2). On September 27, 2019, the defendants provided the plaintiff with their Second Supplemental Responses in which they indicated that no documents were being withheld. (Doc. No. 71-1 at 10-11). Accordingly, the plaintiff's Motion as to these requests is moot.

    b. DOCUMENT REQUEST NO. 3

In this document request, the plaintiff seeks:

> Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment, irrespective of your belief as to the coverage of the agreement.

Although the defendants have withdrawn their "overly broad and unduly burdensome" objections, the defendants argue that this information is irrelevant. (Doc. No. 71 at 6-7).

Rule 26 (a)(1)(A)(iv) requires the disclosure of an insurance agreement under which "an insurance business may be liable to satisfy part or all of a possible judgment in the action or to

---

[1] In the parties' 26(f) Report, counsel proposed a fact discovery deadline of September 30, 2018 and an expert discovery deadline of December 30, 2018, with a dispositive motion deadline of December 30, 2018. (Doc. No. 23).

[2] Document Request No. 5, Interrogatory Request No. 23, and Request for Admission No. 27 will be addressed in Section III. *infra*.

indemnify or reimburse for payments made to satisfy the judgment." FED. R. CIV. P. 26(a)(1)(A)(iv). The defendants assert that they have not made a claim for insurance coverage, nor is there a "possibility that an insurance policy is relevant to a claim or defense of any party." (Doc. No. 71 at 7).

The case law is clear that, "in light of the mandatory language of Rule 26(a)(1)(A)(iv), when a defense attorney asserts that the claims at issue fall within an exclusion in a defendant's insurance policy, a 'plaintiff is not limited to counsel's say-so in making this determination.'" *Pape v. Law Offices of Frank N. Peluso, P.C.*, No. 3:13 CV 63 (JGM), 2015 WL 5842474, at *2 (D. Conn. Oct. 7, 2015) (quoting *Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004)). The defendants' unilateral assertion that the insurance coverage is irrelevant does not suffice. In the absence of identifying "a specific prejudice which would arise from the disclosure of their existing policies[,]" the defendants must produce the insurance documents responsive to this request. *Tzanetis v. Weinstein & Riley, P.S.*, Civ. No. 3:09 CV 413 (WWE)(HBF), 2009 WL 5128892, at *1 (D. Conn. Dec. 18, 2009), *aff'd*, No. 3:09 CV 413 (DJS), 2010 WL 11431864 (D. Conn. Jan. 8, 2010). The defendants shall produce responsive documents within fourteen (14) days of the filing of this order. D. CONN. L. CIV. R. 37(d).

### c. DOCUMENT REQUEST NO. 4

In Document Request No. 4, the plaintiff seeks the "retainer agreement referred to in paragraph 8 of your fee application in the state court case against Ms. Ceraldi." In their Second Supplemental Response, the defendants responded that "no responsive documents exist." (Doc. No. 71 at 7). Accordingly, the plaintiff's Motion as to this request is moot.

### d. DOCUMENT REQUEST NOS. 6 AND 7

In these requests, the plaintiff seeks "accounting records for plaintiff's judgment account" and an "electronic spreadsheet for plaintiff's account in its native format." On September 27, 2019, the defendants provided an updated spreadsheet to the plaintiff (Doc. No. 71 at 8); accordingly, the plaintiff's motion as to these two requests is moot.

e. DOCUMENT REQUEST NO. 8

In Document Request No. 8, the plaintiff seeks: "A copy of all plaintiff's checks and deposit slips therefor." The defendants stand by their objection that this request is unduly burdensome and irrelevant as there are approximately 438 payments made by the plaintiff in this matter, and it would be costly for the defendants to secure copies when the plaintiff may retrieve these documents from her own financial institution. (Doc. No. 71 at 8-9). In response to Document Request No. 7, the defendants produced a spreadsheet reflecting the payments made by the plaintiff. The plaintiff argues that a comparison of the dates on the checks and deposit slips with the spreadsheet already produced is expected to confirm the defendants' miscalculation of the payments. (Doc. No. 73 at 3-4).

The defendants' relevancy objection cannot stand. Although there are hundreds of payments made by the plaintiff, the relevance of the defendants' receipt of these payments, and the calculation thereof, outweighs the burden on the defendants of producing their copies of the checks and deposit slips. Accordingly, the plaintiff's motion to compel as to this request is granted. The defendants shall respond to the Request as written within fourteen (14) days of the filing of this order, D. CONN. L. CIV. R. 37(d), without prejudice to the defendants seeking additional time, if necessary.[3]

f. DOCUMENT REQUEST NO. 11

---

[3] Counsel shall contact Chambers for a telephonic scheduling conference if more time is needed.

In this document request, the plaintiff requests "Equities' license application to the Connecticut Banking Department in and after 2015." In their Second Supplemental Response, the defendants explain that they "conducted a reasonable investigation and cannot locate the completed license application from 2013[,]" but they did locate, and produce, a blank license application. Accordingly, as the plaintiff notes, the motion as to this request is moot.

## 2. INTERROGATORY RESPONSES

### a. INTERROGATORY REQUEST NO. 2

In response to the plaintiff's request for "a description . . . of all documents, electronically stored information and tangible things . . you may use to support your claims and defenses[,]" the defendants produced seventy-nine "easily identifiable" documents that fall within four categories. (Doc. No. 71 at 9-10). The plaintiff acknowledges that this production suffices. (*See* Doc. No. 73 at 4). Accordingly, the plaintiff's motion as to Interrogatory Request No. 2 is moot.

### b. INTERROGATORY REQUEST NO. 4

In this request, the plaintiff asks the defendants to "[i]dentify any software used to keep contemporaneous track of paralegal and attorney time in any collection case that you filed." In response, the defendants stated that no such software exists. (Doc. No. 71 at 11). Accordingly, the plaintiff's motion as to this Interrogatory is moot.

### c. INTERROGATORY REQUEST NOS. 5-11

In Interrogatory Request Nos. 5-11, the plaintiff seeks the docket numbers of Connecticut lawsuits in which the defendants sought and/or were awarded prejudgment or post-judgment interest in excess of 10%, applied for attorney's fees, were awarded attorney's fees at $500 per hour, and were awarded post-judgment interest without a rate being set. The defendants stand by their objection that this information is irrelevant; the information that is part of the public record

is equally accessible to the plaintiff; the defendants "do not organize their internal records in a manner that would make them readily available[;]" and, the burden and expense shouldered by the defendants to retrieve this information outweighs its likely benefit since the plaintiff fails to connect her alleged claims from the State Court action to the information sought regarding judgments in other cases. (Doc. No. 71 at 12-13).

As an initial matter, the fact that the defendants do not organize their internal records in a manner that would make this information "readily available[,]" does not insulate this information from discovery. The "assumption that an institution may shield itself from discovery "by utilizing a system of recordkeeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of documents an excessively burdensome and costly expenditure' is incorrect." *Wesley v. Muhammad*, No. 05 Civ. 5833 (GEL)(MHD), 2008 WL 436871, at * 5 (S.D.N.Y. Sept. 17, 2008) (quoting *Dunn v. Midwestern Indem.*, 88 F.R.D. 191, 198 (S.D. Ohio 1980)); *accord Alliance to End Repression v. Rochford*, 75 F.R.D. 441, 447 (N.D. Ill. 1977) (footnote omitted). Moreover, the information sought by the plaintiff is relevant to her claims that the prejudgment interest rate applied in this case was usurious; the defendant applied for attorney's fees without specifying the hourly rate or time expended; the post-judgment interest was awarded without quantifying any rate; and, the defendants unilaterally added a post-judgment interest rate of almost 10%. (Doc. No. 1). Additionally, although the defendants argue that discovery burden imposed on the defendants is not justified given that the plaintiff's claims arise under the Fair Debt Collection Practices Act, and thus, are limited to a statutory recovery of $1,000 per action, the plaintiff also seeks punitive damages against defendant Equities under the Connecticut Unfair Trade Practices Act. Thus, the frequency of the defendants' actions, as may be evidenced in this discovery, is relevant to an award

of damages. Accordingly, the plaintiff's Motion to Compel responses to Interrogatory Requests Nos. 5-11 is granted. The defendants shall respond to the Request as written within fourteen (14) days of the filing of this order, D. CONN. L. CIV. R. 37(d), without prejudice to the defendants seeking additional time, if necessary.[4]

### d. INTERROGATORY REQUEST NO. 14

Interrogatory No. 14, with the citations omitted, reads: "Defendants are aware of rulings that a collector may not add post judgment interest if it has not been awarded by a court." Defendants are correct that this Interrogatory does not contain a question. (Doc. No. 71 at 14). Accordingly, the plaintiff's motion to compel a response is denied.

### e. INTERROGTORY REQUEST NO. 15

In this Interrogatory, the plaintiff asks, "What were the 'other charges' mentioned in the letter of Dec. 12, 2016?" In response, the defendants provided "a straightforward and truthful answer regarding what 'other charges' would include." (Doc. No. 71 at 14). Specifically, defendants explained that "other charges" would include "bank execution and wage execution fees, a $105.00 court filing fee for each execution (which the court awards as costs and adds to the judgment amount) and the cost of the marshal's service of the subpoena for an Examination of the Judgment Debtor (which the court awards as costs)." (Doc. No. 69-2 at 7). In light of this answer, the plaintiff's motion to compel a further response is denied.

### f. INTERROGATORY REQUEST NOS. 16 & 17

Interrogatory No. 16 asks: "What was the date of the most recent application for 24 percent prejudgment interest . . . ?" and, Interrogatory No. 17 asks, "If Equities stopped applying for 24 percent prejudgment interest, please explain all reasons for deciding not to apply for 24 percent

---

[4]*See* note 3 *supra.*

prejudgment interest?" The defendants responded that "the 24 percent interest rate was set by contract and state law." (Doc. No. 69-2 at 7). This response is not responsive to these two interrogatories. Additionally, although the defendants argue that the plaintiff failed to provide the necessary connection between the discovery sought and the claims or defense asserted in this case (Doc. No. 71 at 15), the plaintiff alleges in the Complaint that the 24 percent interest rate requested in the state court complaint was usurious. Discovery as to this interest rate is related both to the plaintiff's allegations in the Complaint and the defendants' denial of these allegations. Accordingly, the plaintiff's motion to compel a response to Interrogatory Nos. 16 and 17 is granted. The defendants shall respond to the Request as written within fourteen (14) days of the filing of this order. D. CONN. L. CIV. R. 37(d).

## II. REQUESTS FOR ADMISSION

### A. LEGAL STANDARD

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions. The Rule sets forth the procedure for admitting or denying a matter. Specifically, a matter is admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter[.]" FED. R. CIV. P. 36(a)(3). If a matter is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit it or deny it." FED. R. CIV. P. 36(a)(4). If a party denies a matter, the denial "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* If a party lacks knowledge or information, the party must state that it "has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Pursuant to Rule 36(b), "[a] matter

deemed admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b).

B. DISCUSSION

On September 27, 2019, eighteen days after the plaintiff filed her Motion to Determine the Sufficiency of the Defendants' Responses to Requests for Admission, the defendants served their Second Supplemental Responses to the Plaintiff's Requests for Admissions. (Doc. No. 71-1).

1. REQUEST FOR ADMISSION NO. 5

Request for Admission No. 5 states, "In 2010, Strumpf was requesting attorney's fee awards at an hourly rate of $500 per hour for consumer collections." In her Complaint, the plaintiff alleges that the one of the challenged practices of the defendants is that they applied for attorney's fees without specifying the hourly rate or time expended. Although the defendants object to this Request as irrelevant (Doc. No. 71, at 15-16), this Request goes to an allegation in the plaintiff's Complaint. Thus, the defendants' relevancy objection cannot stand. The remainder of the defendants' response, however, explains the portion that can been admitted. Namely, the defendants "admit that Defendant Strumpf has submitted affidavits in support of judgments in other matters seeking an hourly rate of $500.00 in years past[,]" but are "uncertain if such affidavits were filed in 2010 and therefore denies the same." Rule 36(a)(4) requires that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." FED. R. CIV. P. 36(a)(4). Although qualified, the defendants' answer does not state that they have "made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Accordingly, the defendants shall revise their response to Request for Admission No. 5, in accord with Rule

36(a)(4). The defendants shall serve their revised response within fourteen (14) days of the filing of this order. D. CONN. L. CIV. R. 37(d).

## 2. REQUEST FOR ADMISSION NOS. 6 & 8

In Request for Admission No. 6, the plaintiff states: "Defendant Strumpf regularly collects consumer debts by appearing in court, filing[] pleadings, or writing letters as the attorney for U.S. Equities Corp . ("Equities")." In Request for Admission No. 8, the plaintiff states: "Equities has been licensed as a Consumer Collection Agency in Connecticut for many years." In response to both these Requests, the defendants contend that the plaintiff failed to provide the necessary connection between the request and the claims or defenses asserted in this case. (Doc. No. 71 at 16). Additionally, the defendants contend that they did not pose a boilerplate objection, but rather, objected specifically to this Request. (*Id.*).

In response to Request for Admission No. 6, the defendants "admit to Strumpf being licensed to practice law in New York since 1976 and in Connecticut since 1990, and presently represents plaintiffs in collection matters, including Defendant Equities." (Doc. No. 70-1). This admission relates to the plaintiff's Request but does not admit or deny the specifics requested in No. 6. The Court agrees with the defendants that the term "regularly collects" is vague, but the defendants shall, pursuant to Rule 36(a), admit or deny whether Strumpf regularly represents Equities in collection matters by appearing in court, filing[] pleadings, or writing letters." The defendants shall serve their revised response within fourteen (14) days of the filing of this order. D. CONN. L. CIV. R. 37(d).

For Request for Admission No. 8, the defendants are correct that the term "for many years" is vague (Doc. No. 70-1 at 3), but the defendants admit that "public records show that Equities is

11

licensed as a consumer collection agency in Connecticut." (Doc. No. 71 at 17). The defendants' response to the Request suffices.

### 3. REQUEST FOR ADMISSION NO. 7

In response to this Request for Admission, which states, "Equities is a New York Corporation with a Connecticut office . . . which is not authorized or registered to do business with the Secretary of the State of Connecticut[,]" the defendants state that Equities is a New York Corporation, and produced documentation showing that Equities is registered to conduct business in Connecticut. (Doc. No. 71 at 16). Accordingly, the defendants' response to this Request suffices.

### 4. REQUEST FOR ADMISSION NO. 10

In response to the plaintiff's Request for Admission No. 10, which states: "Equities' principal business is buying defaulted consumer debt and seeking to collect thereon[,]" the defendants deny the statement, but admit that Equities has purchased defaulted consumer debt in the past[,]" and admit that Equities is a passive debt purchaser. (Doc. No. 70-1 at 11). The defendants maintain that Equities is a "debt collector and a passive debt purchaser for purposes of the case *sub judice*." (Doc. No. 71 at 17; *see also* Doc. No. 70-1 at 11). The defendants' response suffices.

### 5. REQUEST FOR ADMISSION NO. 15

In Request for Admission No. 15, the plaintiff states: "Equities was not entitled to 24 percent prejudgment interest on any Chase credit card account." In response, the defendants deny this request. (Doc. No. 71 at 17). This denial complies with Rule 36(a)(4) as the denial "fairly respond[s] to the substance of the matter[.]" FED. R. CIV. P. 36(a)(4). Accordingly, the defendants' response suffices.

### 6. REQUEST FOR ADMISSION NOS. 16-20

In Request for Admission Nos. 16-20, the plaintiff seeks information related to Chase, which defendants respond is not within their knowledge, and which would be more convenient for the plaintiff to obtain directly from Chase. (Doc. No. 70 at 17-18). In the supplemental affidavit, the defendants set forth relevancy objections. (Doc. No. 70-2 at 6-8). The defendants' response that they lack knowledge to either admit or deny this request complies with Rule 36(a)(4). Accordingly, the defendants' responses suffice.

### 7. REQUEST FOR ADMISSION NOS. 21-24

In response to Request for Admission No. 21, in which the plaintiff states: "Strumpf applied for attorney's fees in the state court action without specifying the hourly rate or time expended[,]" the defendants "admit that fees were sought, but deny that it was required by the Court to state 'the hourly rate or time expended.'" (Doc. No. 70-1 at 7). The defendants' denial that it was required by the Court to state the rate or time is not responsive to the Request. The defendants shall respond to the Request as written within fourteen (14) days of the filing of this order. D. CONN. L. CIV. R. 37(d).

The defendants deny Request for Admission Nos. 22-24. The defendants stand by their responses (Doc. No. 71 at 18-19), and their denial of each of these Requests suffices.

### 8. REQUEST FOR ADMISSION NO. 26

In response to the plaintiff's Request for Admission No. 26, in which the plaintiff states: "Plaintiff paid $130 in the state court action in connection with her motion for protective order[,]" the defendants produced documents that demonstrate that the plaintiff paid $130.00 in connection with her Motion to Open Judgment, not the Motion for Protective Order. (Doc. No. 70 at 19). The defendants' response adequately fulfills the specificity requirement of Rule 36(a).

III.     DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The defendants request that the Court issue a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), to prevent the disclosure of responses to the plaintiff's Document Request No. 5, Interrogatory Request No. 13 and Request for Admission No. 27.

In Document Request No. 5, the plaintiff requests the following: "If you deny that Equities' principal purpose is buying and collecting on defaulted consumer accounts, [p]rovide Equities' tax filings from 2011 to date." (Doc. No. 69-1 at 3). The defendants object to this request on the basis that the plaintiff seeks confidential information, and because it contains a conditional statement rather than a direct request for a document. (Doc. No. 71 at 8). The defendants seek an entry of a protective order. (Doc. No. 71 at 20). In her reply brief, the plaintiff argues that, "[a]bsent an admission as to Equities' business purpose, [the] defendants suggest no other way to obtain the information other than by tax returns." (Doc. No. 73 at 3).

"Courts have been reluctant to require disclosure of tax returns because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns."' *Wells Fargo Bank, N.A. v. Konover*, No. 3:05 CV 1924 (CFD)(WIG), 2008 WL 11377764, at *11 (D. Conn. Jul. 7, 2008) (quoting *Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198 (LAK)(JCF), 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007)) (additional citation omitted). Accordingly, the "production of tax returns should not be ordered unless (1) it clearly appears that they are relevant to the subject matter of the action or to issues raised thereunder, and (2) there is a compelling need therefore because the information contained therein is not otherwise readily obtainable." *Gatteqno v. Pricewaterhouse Cooper, LLP*, 205 F.R.D. 70, 71-72 (D. Conn. 2001). *See also Rahman*, 2007 WL 1521117, at *7. "While the party seeking disclosure of the tax return bears the burden of

establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information." *United States v. Bonnano Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (S.D.N.Y. 1998).

In her Complaint, the plaintiff asserts that "Equities' principal business is buying defaulted consumer debt and collecting thereon." (Doc. No. 1 ¶ 5). In their answer, Equities admits that it purchases defaulted consumer debt, and denied the remainder of this paragraph. (Doc. No. 21 ¶ 5). Thus, this discovery request is directed toward establishing whether the defendants' principal purpose is to collect on defaulted consumer accounts. Although the defendants do not propose an alternative source of information to establish its business purpose, the plaintiff has not demonstrated a compelling need for the eight years of tax returns when the information sought may be obtained through other documents or deposition testimony. *See Donald William Fairbanks Architect, P.C. v. Fairfield Cty. Contractors LLC*, 2914 WL 7271933, at *4 (D. Conn. Dec. 18, 2014).[5]

Interrogatory Request No. 13 requests "the amount you paid Turtle Creek for the 232 accounts purchased that included plaintiff's account[,]" and, in Request for Admission No. 27, plaintiff states: "Equities paid less than $100,000 for the 232 accounts purchased from Turtle Creek that included plaintiff's account." (Doc. No. 69-4 at 9; Doc. No. 70-1 at 8). The defendants have withdrawn their burdensome and over breadth objections but stand by their objections that such information is irrelevant, confidential, trade secret and proprietary. (Doc. No. 71 at 13-14, 19-20; *see also* Doc. No. 71 at 20-21 (request for a protective order)). The defendants request the entry of a protective order. (*Id.*).

---

[5] If the information is not otherwise available through other records or from deposition testimony, the plaintiff may seek to compel the production of the tax returns, subject to the Protective Order discussed below, but only after (1) meeting and conferring in an effort to resolve this discovery dispute, and (2) contacting Chambers to schedule a telephone conference. *See id*. at *4 n.3.

Rule 26(c) of the Federal Rules of Civil Procedure "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking a protective order bears the burden of demonstrating that good cause exists for the issuance of the order. *In re Agent Orange Prod. Liability Litig.*, 821 F.2d 139, 145 (2d Cir. 1987).

While the defendants have not set forth any support for the claim that the information sought is "trade secret[,]" the defendants have established that the financial information relating to the purchase of 232 accounts from a particular client is confidential. Although the Court (Eginton, J.) did not enter a Standing Protective Order upon the commencement of this action, on October 9, 2019, this case was transferred (Doc. No. 72), and the Court (Hall, J.) uses a Standing Protective Order that is designed to protect the confidentiality of certain documents and information exchanged by the parties in discovery, including confidential, proprietary or otherwise sensitive business or financial information concerning the parties. The parties shall submit this Standing Protective Order which shall govern the disclosure of this financial information sought in Interrogatory No. 13 and Request for Admission No. 27.

IV. CONCLUSION

Accordingly, this Court concludes that the plaintiff's Motion to Compel (Doc. No. 69) is GRANTED IN PART AND DENIED IN PART, the plaintiff's Motion to Determine Sufficiency of Defendants' Responses to Requests for Admissions (Doc. No. 70) is GRANTED IN PART AND DENIED IN PART, and the defendants' Cross Motion for Protective Order (Doc. No. 71) is GRANTED IN PART AND DENIED IN PART.[6]

---

[6] If either counsel believes that further settlement discussions would be productive, she or he shall contact Chambers.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 29th day of October, 2019.

                                                  /s/ Robert M. Spector
                                                  Robert M. Spector
                                                  United States Magistrate Judge